**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JASON MILLER, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1644-D |

**ORDER**

Before the Court is Plaintiffs Jason Miller, Big Chief Collective 3, LLC, the Big Chief Drive Thru 2, LLC, Tropic Canna Lawton West, LLC, d/b/a Tropic Canna West, LLC, and Radiant Fort 4 Solutions, LLC's (Plaintiffs) Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 5].[1] Defendants Oklahoma Bureau of Narcotics and Dangerous Drugs (OBNDD) and Donnie Anderson, in his individual capacity and official capacity as Executive Director of OBNDD, filed a response in opposition, [Doc. No. 14]. Plaintiffs did not reply, and the time for doing so has now expired. The matter is therefore fully briefed and at issue.[2]

---

1 On July 14, 2026, the Court denied Plaintiffs' request for a temporary restraining order [Doc. No. 11].

2 In the Order denying Plaintiffs' temporary restraining order motion [Doc. No. 11], the Court advised the parties that it would set a hearing on Plaintiffs' request for a preliminary injunction once the parties submitted briefing on the issue. Based on the parties' briefing, the Court determines an oral hearing on Plaintiffs' preliminary injunction motion is not necessary. *Reynolds & Reynolds Co. v. Eaves,* 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. 1998) ("[Plaintiff] has failed to cite any Tenth Circuit authority that requires a district court to hold an evidentiary hearing prior to granting or denying a

## BACKGROUND

Plaintiffs Big Chief Collective 3, LLC, the Big Chief Drive Thru 2, LLC, Tropic Canna Lawton West, LLC, d/b/a Tropic Canna West, LLC, and Radiant Fort 4 Solutions, LLC (the "LLC Plaintiffs") are Oklahoma limited liability companies wholly owned by Plaintiff Jason Miller. The LLC Plaintiffs are dispensary companies that sell medical marijuana products, and are registered with the OBNDD to manufacture, distribute, dispense, prescribe, or administer medical marijuana.

On December 31, 2025, following an investigation, Defendant OBNDD issued four orders to the LLC Plaintiffs to show cause for violations of Oklahoma's Uniform Controlled Dangerous Substances Act, (the "UCDSA"), 63 OKLA. STAT. § 2-101 *et seq*. Miller was not named as a respondent in the show cause orders.

The LLC Plaintiffs requested a hearing, which was set for March 31, 2026. On January 15, 2026, OBNDD denied four OBNDD registration applications submitted by Miller for the LLC Plaintiffs. The denial letters state that the LLC Plaintiffs' applications "will be denied pending the outcome of the active administrative proceedings to revoke the existing registrations." [Doc. No. 18-1]. Additionally, the denial letters advise Miller that he "shall be prohibited from applying for registration with the [OBNDD] for at least 5 years." *Id.*

---

preliminary injunction motion."); *see also Bors v. Allen*, 607 F. Supp. 2d 204, 207 n.2 (D.D.C. 2009) ("A court may deny a plaintiff's application for a preliminary injunction without first providing a hearing on the merits when the record demonstrates a lack of right to relief.") (citations omitted).

On April 30, 2026, the LLC Plaintiffs moved to dismiss the orders to show cause, and OBNDD filed superseding orders to show cause on May 1, 2026. The hearing on the show cause orders was continued to July 28, 2026.

On August 24, 2026, Plaintiffs filed their complaint, in which they seek relief under 42 U.S.C. § 1983 for violations of their due process rights and the Equal Protection Clause, the Oklahoma state constitution, declaratory and injunctive relief, and to recover compensatory damages from Defendant Anderson. [Doc. No. 18].[3]

## DISCUSSION

### I. Pursuant to the *Younger* doctrine the Court will abstain from enjoining the LLC Plaintiffs' revocation proceedings.

Pursuant to the *Younger* abstention doctrine, Defendants ask the Court to abstain from enjoining the ongoing OBNDD license revocation proceedings. Under *Younger*, a plaintiff may not request a federal district court to interfere before a state court judgment is final. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "Generally, federal courts must exercise their jurisdiction when available. However, principles of 'equity, comity, and federalism' motivate a 'longstanding public policy against federal court interference with state court proceedings.'" *Rocky Mountain Gun Owners v. Williams*, 671 F. App'x 1021, 1024 (10th Cir. 2016) (unpublished) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460-61 (1974), and citing *Younger*, 401 U.S. at 43-45); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).

[3] The Second Amended Complaint is the operative pleading. [Doc. No. 18].

For *Younger* abstention to be appropriate, the Tenth Circuit directs that three conditions must be present: (i) interference with an ongoing state judicial proceeding; (ii) involvement of important state interests; and (iii) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "*Younger* abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989) (citation omitted)*; see also Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (Because "'application of the *Younger* doctrine is absolute . . . when a case meets the *Younger* criteria,' there is no discretion for the district court to exercise." (quoting *Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 294 (7th Cir. 1994)). When the *Younger* abstention elements are met, a district court should dismiss the claims before it, unless a plaintiff has brought claims which "cannot be redressed in the state proceeding," in which case the district court should stay the federal proceedings pending the conclusion of the state litigation. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

Plaintiffs argue that abstention is not appropriate here because they cannot raise their federal claims in the state forum and Plaintiff Miller is not a party to the state administrative proceedings.

**1. Plaintiff has ongoing civil enforcement proceedings that are akin to criminal proceedings.**

*Younger*'s application is limited to three types of ongoing proceedings: "(1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Escalante v. Burmaster*, No. 23-cv-2130-TC-TJJ, 2023 WL 3159592, at *4 (D. Kan. Apr. 28, 2023) (quoting *Sprint Commc'ns., Inc.*, 571 U.S. at 73); *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (recognizing the three categories of state proceedings to which *Younger* abstention applies).

Defendants argue that the license revocation proceedings are the "type" of proceeding to which *Younger* applies, because they are akin to state criminal prosecutions. The Court agrees.

A civil enforcement proceeding akin to criminal prosecution is one that is "initiated by the State, it involves an investigation by one or more state agencies, and it potentially involves a sanction against a private party for a wrongful act." *Byrd v. Pirrong*, No. CIV-25-747-SLP, 2025 WL 2963220, at *4 (W.D. Okla. Sept. 9, 2025) (citing *Sprint Commc'ns, Inc.*, 571 U.S. at 79). Here, Defendant OBNDD issued show cause orders to the LLC Plaintiffs following an investigation by OBNDD "agents and informants" who "purchased medical marijuana products from the Dispensary Companies without a validly issued medical marijuana patient card." [Doc. No. 18, at 7]. As Plaintiffs acknowledge, if the LLC Plaintiffs' OBNDD registrations are revoked, Plaintiff Miller may be "personally ineligible

to obtain future OBNDD registrations for up to five years." [Doc. No. 5, at 7]. Thus, the revocation proceedings are not only ongoing, but are also the type of proceedings to which *Younger* applies. So, the first *Younger* element is met.

**2. The revocation proceedings involve an important state interest.**

"As to the [second] element, an important state interest, the Supreme Court has long recognized the 'historic primacy of state regulation of matters of health and safety.'" *Wright v. McClaskey,* No. 6:15-1098-JTM-KGG, 2015 WL 5199217, at *8 (D. Kan. Sept. 4, 2015) (quoting *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485 (1996)). Ensuring that medical marijuana companies operating in Oklahoma comply with regulatory standards directly implicates matters of health and safety, so the second *Younger* element is also met.

**3. The state courts provide Plaintiffs with an adequate state forum.**

Plaintiffs bear the burden of showing that the state court is not an adequate forum to hear the constitutional challenges. *See Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006) (finding that the plaintiff had "not shown that the state court is not an adequate forum to hear his constitutional challenges . . . ."). Generally, "a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (alteration in original) (quoting *J.B. ex rel. Hart*, 186 F.3d at 1292). A plaintiff's failure to present the federal claims in the state forum does not render the state forum inadequate. *See Lofland*, 2016 WL 5933514, at *3 (citing *Juidice v. Vail*, 430 U.S. 327, 330 (1977)).

Defendants argue that Plaintiffs' failure to raise their federal claims in state court precludes injunctive relief. Plaintiff Miller states that he is unable to present his federal claims in the state forum because he is not a party to the administrative proceedings and cannot:

> [A]ssert constitutional defenses personal to himself; present witnesses in support of his own claims; conduct discovery regarding his own constitutional injuries; cross-examine witnesses concerning the deprivation of his personal rights; obtain findings regarding his own liberty and property interests; or obtain judicial review of constitutional claims that were never adjudicated.

[Doc. No. 5, at 14-15].

Under OKLA. STAT. tit. 63, § 2-305(A), "[t]he Director [of OBNDD] shall issue a written order to show cause to be served on the parties before annulling, conditioning, suspending, or revoking any registration." OBNDD proceedings under § 2-305 are to be "conducted in accordance with the [Oklahoma] Administrative Procedures Act [(OAPA)] and the rules and regulations of the [OBNDD] . . . ." § 2-305(E).

The Court finds Plaintiffs have not shown that they cannot raise their federal claims in the state forum.

First, 42 U.S.C. § 1983 claims "may be pursued in state court." *Osteopathic Hosp. Founders Ass'n, Inc. v. Splinter*, 955 F. Supp. 1351, 1360 (N.D. Okla. 1996) (citing *Robert K. Bell Enters., Inc. v. Tulsa Cnty. Fairgrounds Tr. Auth.*, 1985 OK 10, 695 P.2d 513, 517); *see e.g., Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431) ("State courts are generally equally capable of enforcing federal constitutional rights as federal courts.").

Second, the OBNDD has not yet issued final agency orders in the LLC Plaintiffs' revocation proceedings. The OAPA provides the LLC Plaintiffs with the right to a hearing after reasonable notice, to conduct cross-examinations and present evidence, representation by counsel, and a written administrative record of the hearing. OKLA. STAT. tit. 75, §§ 309-10. And if the OBNDD's decision is adverse to the LLC Plaintiffs, OBNDD must submit a written final agency order that includes findings of fact and conclusions of law. *Id.* § 312. Furthermore, if the OBNDD issues an adverse final agency order, the LLC Plaintiffs will be able to seek a stay of the OBNDD's enforcement of the order and judicial review of the agency's order in an Oklahoma district court. *Id.* §§ 318-19. Thus, "[a]t this early stage in the administrative process, [Plaintiffs] have not availed themselves of the procedural safeguards in the . . . OAPA . . . ." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1329 (10th Cir. 1994).

Plaintiff Miller also argues that the state forum is inadequate for raising his federal claims because he is not a named party in the administrative proceedings. However, as recognized by the Tenth Circuit in *Massengale,* non-parties to administrative proceedings subject to the OAPA "may seek a remedy in state court . . . for declaratory relief on their claims directly challenging the administrative rules governing that process." *Id*. (citing OKLA. STAT. tit. 75, § 306). Additionally, where the interests of non-parties are substantially intertwined with those of parties to a state proceeding, *Younger* abstention is warranted. *Hicks v. Miranda,* 422 U.S. 332, 348-49 (1975) (holding district court erred in not dismissing federal complaint under *Younger* where non-party theater owners sued because theater owners "had a substantial stake in the state proceedings, so much so that they sought

federal relief, demanding that the state statute be declared void and their films be returned to them" and noting that *Younger* "could not be avoided on the ground that no criminal prosecution was pending against [theater owners] on the date the federal complaint was filed.").

Because all three *Younger* factors are met and Plaintiffs do not show that there are extraordinary circumstances present, the Court must abstain from hearing Plaintiffs' claims against Defendants. *See Amanatullah v. Colo. Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999) (concluding that if the *Younger* conditions are met, abstention is non-discretionary).

**II. A stay is appropriate rather than dismissal.**

Although abstention under the *Younger* doctrine is warranted, the Court finds a stay of this case is appropriate, pending the resolution of the LLC Plaintiffs' OBNDD revocation proceedings. "Generally, when *Younger* abstention applies, a court may dismiss the plaintiff's equitable claims but should stay the case if there are intertwined legal claims that cannot be asserted in state court." *Wrenn v. Pruitt*, No. CIV-21-00060-JD, 2021 WL 1845498, at *5 (W.D. Okla. May 7, 2021) (citing *Deakins,* 484 U.S. at 202); *see also Deakins,* 484 U.S. at 402 (holding that even if abstention is required under *Younger,* "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.").

"The Eleventh Amendment 'generally bars federal suits against state officers in their official capacities for money damages,'" but Plaintiffs assert a claim for monetary damages against Defendant Anderson in his individual capacity. *Wrenn,* 2021 WL 1845498, at *5

(quoting *Franklin v. Kansas Dept' of Corr.,* 160 F. App'x 7430, 734 (10th Cir. 2005) (unpublished)). Therefore, a stay is required rather than a full dismissal of Plaintiff's claims.

**CONCLUSION**

For these reasons, Plaintiffs' Motion for Preliminary Injunction [Doc. No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** until the OBNDD revocation proceedings are fully and finally adjudicated. The Clerk of Court is directed to administratively close this case until further order of the Court.

**IT IS THEREFORE ORDERED** that the parties shall file a joint notice with the Court within **21 days** of the OBNDD revocation proceedings being fully and finally adjudicated so that a determination can be made as to what issues, if any, remain for consideration in this case. Alternatively, Plaintiffs may file a notice of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(i) or a stipulation of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii).

**IT IS SO ORDERED** this 9th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE